Jessica Anvar (SBN: 250610)
Benjeman Beck (SBN: 268617)
Matt Xie (SBN: 317942)
**CONSUMER LAW EXPERTS, P.C.**
5757 W. Century Blvd., Suite 500
Los Angeles, California 90045
Telephone:  (310) 442-1410
Fax:  (877) 566-8828
*jessica@nolemon.com*
*ben@nolemon.com*
*matt@nolemon.com*

Attorneys for Plaintiff, FORTINO GUZMAN PEREZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FORTINO GUZMAN PEREZ, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>FCA US LLC; PUENTE HILLS CHRYSLER DODGE; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 2:19-cv-05599-JFW-PJW<br><br>[Assigned to the Hon. John F. Walter]<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT AND DEFENDANTS HEREIN:

COMES NOW Plaintiff FORTINO GUZMAN PEREZ ("Plaintiff"), for causes of action against FCA US LLC ("Manufacturer or "FCA Defendant"), PUENTE HILLS CHRYSLER DODGE ("Dealership" or "Puente Hills Dodge") and DOES 1 through 10 (collectively "Defendants"), inclusive, alleges as follows:

## **GENERAL ALLEGATIONS**

1.     The true names and/or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names.  Plaintiff is informed and believes, and thereupon alleges, that each of the defendants fictitiously named herein as a DOE are legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

2.     Plaintiff is informed and believe, and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including  DOES 1 through 10, inclusive, and each of them, were the agents, servants, employees, and/or joint venturers of their co-defendants, and each was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venture.

3.     Plaintiff is informed and believes and thereupon alleges that Defendant FCA US LLC, is a limited liability company authorized to do business in the State of California, including Los Angeles County, and is engaged in the

manufacture, sale, and distribution of motor vehicles and related equipment and services.  Manufacturer is also in the business of marketing, supplying, and selling written warranties to the public at large through a system of authorized dealerships.  Manufacturer does business in all counties in the state of California.

4.     Plaintiff is informed and believes and thereupon alleges that Defendant PUENTE HILLS CHRYSLER DODGE is a business entity of form unknown authorized to do business in the State of California, including Los Angeles County, and is engaged in the sale of motor vehicles and related equipment and services.  Dealership is located in, and does business in City of Industry, County of Los Angeles, California.

5.     On or about May 26, 2018, in exchange for valuable consideration, Plaintiff purchased a 2018 Dodge Ram 1500  (hereinafter the "SUBJECT VEHICLE"), manufactured by Manufacturer, with corresponding Vehicle Identification Number 3C6JR6CT6JG194153, from PUENTE HILLS DODGE, Manufacturer's authorized dealership, located in the City of Industry, County of Los Angeles, California.

6.     The total payments due under the purchase agreement, including sales tax, registration charges, document fees and other collateral charges, such as finance charges, totaled approximately $56,581.00.

7.     In consideration for the purchase of the SUBJECT VEHICLE, Manufacturer issued and supplied several written warranties, including a three (3) year/36,000 mile basic warranty, a five (5) year/60,000 mile powertrain warranty, as well as other standard warranties outlined in the Manufacturer's Warranty Booklet.

8.     On or about May 26, 2018, Plaintiff took possession of the SUBJECT VEHICLE and shortly thereafter experienced the various defects listed below that substantially impaired the use, safety, and/or value of the SUBJECT VEHICLE.

FIRST AMENDED COMPLAINT

9.     The defects listed below violate the express written warranties issued by Manufacturer, as well as the implied warranty of merchantability.

10.     During the warranty, Plaintiff presented the SUBJECT VEHICLE to Manufacturer's authorized repair facilities for various defects, including, but not limited to the following:

a.     Defective transmission system;

b.     Defective suspension system;

c.     Defective steering system;

d.     Defective engine; and

e.     Any additional complaints made by Plaintiff, whether or not they are contained in the records or on any repair orders.

11.     Plaintiff provided Manufacturer through its authorized repair facilities sufficient opportunity to repair the SUBJECT VEHICLE.

12.     Manufacturer, through its authorized repair facilities, was unable and/or failed to repair the SUBJECT VEHICLE within a reasonable number of attempts.

13.     Said defects have substantially impaired the safety, use and or value of the SUBJECT VEHICLE.

14.     Said defects could not have been discovered by Plaintiff prior to Plaintiff's acceptance of the SUBJECT VEHICLE.

15.     As a result of said defects, on or about February 8, 2019, Plaintiff requested that Manufacturer repurchase or replace the SUBJECT VEHICLE.

16.     At the time of Plaintiff's request for a repurchase, the SUBJECT VEHICLE was in substantially the same condition as at time of delivery except for damage caused by its own wear and tear.

17.     Manufacturer refused Plaintiff's request for a repurchase.

FIRST AMENDED COMPLAINT

18.   The   SUBJECT   VEHICLE   remains   in   a   defective   and unmerchantable condition, and continues to exhibit the above-mentioned defects that substantially impair the SUBJECT VEHICLE'S safety, use, and/or value.

19.   Plaintiff has been and will continue to be financially damaged due to Manufacturer's failure to comply with the provisions of the express and implied warranties.

## FIRST CAUSE OF ACTION

### BY PLAINTIFF AGAINST FCA DEFENDANT

### VIOLATION OF SUBDIVISION (d) OF CIVIL CODE SECTION 1793.2

20.   Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 20, inclusive, of the General Allegations, above.

21.   Plaintiff presented the Vehicle for repair to Manufacturer's authorized repair facilities in this state for various defects that substantially impair the safety, use and/or value of the Vehicle.

22.   Manufacturer has been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities.   Despite this fact, Manufacturer failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1794, subdivision (a).

23.   Plaintiff has been damaged by Manufacturer's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d), and therefore brings this cause of action pursuant to Civil Code section 1794.

24.   Manufacturer's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Manufacturer and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of

repair attempts, yet Manufacturer failed and refused to promptly replace the Vehicle or make restitution.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

25.    Manufacturer does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

26.    Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (e)(5).

<u>**SECOND CAUSE OF ACTION**</u>

**BY PLAINTIFF AGAINST FCA DEFENDANT**

**VIOLATION OF SUBDIVISION (b) OF CIVIL CODE SECTION 1793.2**

27.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 27, inclusive, of the General Allegations, above.

28.    Although Plaintiff presented the Vehicle to Manufacturer's representative in this state, Manufacturer and its representatives failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).  Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

29.    Plaintiff has been damaged by Manufacturer's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

30.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale.   By serving this Complaint, Plaintiff does so again.   Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.   In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.   Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

31.     Manufacturer 's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Manufacturer and its representatives were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

### THIRD CAUSE OF ACTION

### BY PLAINTIFF AGAINST FCA DEFENDANT

### VIOLATION OF SUBDIVISION (a)(3) OF CIVIL CODE SECTION 1793.2

32.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 32, inclusive, of the General Allegations, above.

33.     In violation of Civil Code section 1793.2, subdivision (a)(3), Manufacturer failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period.  Plaintiff has been damaged by Manufacturer s failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

34.     Manufacturer 's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Manufacturer knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Manufacturer failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST FCA DEFENDANT
### BREACH OF EXPRESS WRITTEN WARRANTY
### CIVIL CODE SECTION 1791.2 SUBDIVISION (a); SECTION 1794

35.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 35, inclusive, of the General Allegations, above.

36.     In accordance with Manufacturer 's warranty, Plaintiff delivered the Vehicle to Manufacturer 's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time.  Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects.  However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

37.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

38.     Manufacturer 's failure to comply with its obligations under the express warranty was willful, in that Manufacturer and its authorized representatives were aware that they were obligated to repair the Defects, but they intentionally refused to do so.  Accordingly, Plaintiff is entitled to a civil

FIRST AMENDED COMPLAINT

penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**CIVIL CODE SECTION 1791.1; SECTION 1794**

39.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 39, inclusive, of the General Allegations, above.

40.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendants' implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Manufacturer, except that the duration is not to exceed one-year.

41.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements:  (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

42.     On or about May 26, 2018, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and

labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

43.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## **PRAYER**

PLAINTIFF PRAYS for judgment against Defendants as follows:

      a.    For Plaintiff's actual damages in the amount according to proof at  trial;

      b.    For restitution;

      c.    For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

      d.    For any consequential and incidental damages;

      e.    For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

      f.    For prejudgment interest at the legal rate; and

      g.    For such other relief as the Court may deem proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

FIRST AMENDED COMPLAINT

1  ## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a jury trial on all causes of action asserted

3  herein.

4

5  Dated:  July 8, 2019              CONSUMER LAW EXPERTS, P.C.

6

7

8                            By:    /s/: Matt Xie

9                                    Matt Xie

10                                    Jessica Anvar

11                                    Benjeman Beck
                                  Attorney for Plaintiff,

12                                    FORTINO GUZMAN PEREZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28